BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
TUDOR SHIPPING COMPANY.
355 Lexington Avenue
New York, New York 10017
212-983-8500

RECEIVED JUN 19 2007 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TUDOR SHIPPING COMPANY,

         Plaintiff,

  -against-

MILAN NIGERIA LIMITED, SUNDERSONS
LIMITED, SIMRAN MEHER LIMITED, SUNBEAM
INTERNATIONAL INVESTMENT CORPORATION,
SEATRANS AND TRADING COMPANY LIMITED
and MILAN GROUP,

         Defendants..
------------------------------------------------------------X

07 CIV 5806
07 Civ.

VERIFIED COMPLAINT

    Plaintiff, TUDOR SHIPPING COMPANY, ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendants, MILAN NIGERIA LIMITED ("Milan Nigeria"), SUNDERSONS LIMITED ("Sundersons"), SIMRAN MEHER LIMITED ("Simran Meher"), SUNBEAM INTERNATIONAL INVESTMENT CORPORATION ("Sunbeam"), SEATRANS AND TRADING COMPANY LIMITED ("Seatrans"), and MILAN GROUP ("Milan Group") (Milan Nigeria, Sundersons, Simran Meher, Sunbeam, Seatrans and Milan Group are sometimes collectively referred to herein as "the Defendants"), alleges upon information and belief as follows:

    1.  This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal

1

Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of the Marshall Islands, with an office and place of business in Athens, Greece.

3. Upon information and belief, at all material times, defendant Milan Nigeria, was and still is a corporation organized and existing under and by virtue of the laws of Nigeria, with an office and principal place of business at 52A and 243 Kofo Abayomi St., Victoria Island, Lagos, Nigeria.

4. Upon information and belief, at all material times, defendant Sundersons was and still is a foreign corporation, with an office and principal place of business at 52A and 243 Kofo Abayomi St., Victoria Island, Lagos, Nigeria.

5. Upon information and belief, at all material times, defendant Simran Meher, was and still is a foreign corporation, organized and existing under and by virtue of the laws of Gibraltar, with an office and principal place of business at Suite 7B and 8B, 50 Town Range Gibraltar and also at 52A and 243 Kofo Abayomi St., Victoria Island, Lagos, Nigeria.

6. Upon information and belief, at all material times, defendant Sunbeam, was and still is a foreign corporation, with an office and principal place of business at 52A and 243 Kofo Abayomi St., Victoria Island, Lagos, Nigeria.

7. Upon information and belief, at all material times, defendant Seatrans, was and still is a foreign corporation, with an office and principal place of business at 52A and 243 Kofo Abayomi St., Victoria Island, Lagos, Nigeria.

8. Upon information and belief, at all material times, defendant Milan Group, was and still is a foreign corporation, with an office and principal place of business at 52A and 243 Kofo

Abayomi St., Victoria Island, Lagos, Nigeria.

9. At all material times, Plaintiff was the disponent owner of the motor vessel AL MUHIEDDINE (hereinafter sometimes referred to as "the Vessel").

10. On or about November 8, 2006, Plaintiff, as disponent owner, and defendant Sundersons, as charterer, entered into a charter party agreement whereby Plaintiff agreed to let and Sundersons agreed to hire the Vessel for a one-time voyage for the transport of bagged rice, under certain terms and conditions, from Kakinada, India to Cotonou, Benin and Port Harcourt, Nigeria ("Charter Agreement").

11. Under the terms of the Charter Agreement, Plaintiff was entitled to receive demurrage in the amount of $8,500 for each day, or portion thereof, that defendant Sundersons, as charterer, exceeded the time allowed for loading and discharging the cargo of bagged rice.

12. On February 12, 2007, the Vessel arrived at the first discharge port, Cotonou, Benin and on January 5, 2007, the Vessel arrived at the second discharge port, Port Harcourt, Nigeria, incurring total discharge port demurrage of $166,502.32. No part of this demurrage has been paid, despite due demand therefor.

13. Under the terms of the Charter Agreement, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. Plaintiff has now taken steps to commence said arbitration proceedings in London.

14. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

15. In addition to recovering the principal amount due Plaintiff pursuant to the Charter Agreement, Plaintiff also fully anticipates recovering interest, costs and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| a. | On the principal claim | $166,502.32 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $32,570.88 |
| c. | Costs (arbitrators fees, attorneys' fees etc.) | $100,000.00 |
| | TOTAL | $299,073.20 |

16. On information and belief, the Defendants are all affiliated entities operating under the name "Milan Group" and, at all relevant times held, and continue to hold, themselves out to the world as being members of the "Milan Group," an international trading group based in Lagos, Nigeria.

17. On information and belief, all the members of the "Milan Group," including the Defendants herein, share officers, directors and personnel, as well as common offices and addresses in, among other places, Lagos, Nigeria.

18. Upon information and belief, the said members of the Milan Group, including Defendants herein, transact business as the "Milan Group," and not individually, and said members are jointly and severally liable for the obligation of each other member of the Milan Group, including Sundersons' obligations under the Charter Agreement.

19. Upon information and belief, the said members of the Milan Group, including Defendants herein, are guarantors of the obligations of each individual member of the Milan

Group, including Sundersons' obligations under the Charter Agreement.

20. Upon information and belief, defendants Milan Nigeria, Simran Meher, Sunbeam, Seatrans and Milan Group exercise such complete domination and control over defendant Sundersons, and/or disregarded Sundersons' corporate form, and/or conducted the business and operations of Sundersons as if the same were their own, that adherence to the fiction of the separate existence of the Defendants as entities distinct from one another and/or the separate existence of defendant Sundersons, as distinct from said Defendants, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

21. Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest and ownership between and amongst Defendants, such that any individuality and separateness between said Defendants have ceased, and Defendants, and each of them, are the alter egos of each other.

22. Upon information and belief, defendants cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but they are believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including but not limited to American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank, Mashreq Bank, Bank of China and Wachovia Bank, which are believed to be due and owing to the Defendants.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank, Mashreq Bank, Bank of China and Wachovia Bank, which are due and owing to the Defendants, in the amount of $299,073.20, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
      June 19, 2007

                              BROWN GAVALAS & FROMM LLP
                              Attorneys for Plaintiff
                              TUDOR SHIPPING COMPANY.

                      By: _____
                              Peter Skoufalos (PS-0105)
                              355 Lexington Avenue
                              New York, New York 10017
                              212-983-8500

# VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
19th day of June 2007

_____
Notary Public

DONALD P. BLYDENBURGH
Notary Public, State of New York
No. 01BL6065999
Qualified in Suffolk County
Term Expires March 16, 2010

8