BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
TUDOR SHIPPING COMPANY.
355 Lexington Avenue
New York, New York 10017
212-983-8500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-21-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE RAKOFF

------------------------------------------------------------X
TUDOR SHIPPING COMPANY,

        Plaintiff,

   -against-

MILAN NIGERIA LIMITED, SUNDERSONS
LIMITED, SIMRAN MEHER LIMITED, SUNBEAM
INTERNATIONAL INVESTMENT CORPORATION.
SEATRANS AND TRADING COMPANY LIMITED
and MILAN GROUP,

        Defendants.
------------------------------------------------------------X

07 CIV 5806

## EX PARTE ORDER FOR
## PROCESS OF MARITIME ATTACHMENT

    **WHEREAS**, on June 19, 2007, Plaintiff, TUDOR SHIPPING COMPANY, filed a Verified Complaint herein for damages amounting to $299,073.20, inclusive of interest, costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

    **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendants' property within the District of this Court; and

    **WHEREAS**, the Court has reviewed the Verified Complaint and the supporting

1

Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that in addition to the United States Marshal, Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this district, including but not limited to American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank, Mashreq Bank, Bank of China and Wachovia Bank, which are believed to be due and owing to the Defendants in an amount up to and including $299,073.20 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and section 8 of the United States Arbitration Act, 9 U.S.C. § 8; and it is further

**ORDERED** that in addition to the United States Marshal, the Process of Attachment and Garnishment may be served by any individual over 18 years old who is not a party in the case; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile or e-mail transmission to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the court, be entitled to a prompt hearing at which the Plaintiffs shall be required to show cause why the attachment and garnishment should

not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application from Plaintiffs without further Order of the Court; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
       June __19__, 2007

SO ORDERED:

_____
U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,           CLERK

BY _____
       DEPUTY CLERK